NOURSE & BOWLES, LLP
Attorneys for Defendant
SAMSUN LOGIX CORPORATION
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALLIED MARITIME, INC.,

               Plaintiff,

       - against -

SAMSUN LOGIX CORPORATION,

               Defendant.
-----------------------------------------------------------X

08 CIV. 3656 (TPG)

**VERIFIED ANSWER**
**AND COUNTERCLAIM**

    Defendant, SAMSUN LOGIX CORPORATION ("Defendant"), by its attorneys, Nourse & Bowles, LLP, hereby makes a restricted appearance within the meaning of Federal Rules of Civil Procedure Supplemental Rules for Admiralty and Maritime Claims, Rule E(8), and in connection thereto as and for its Verified Answer and Counterclaim to the Verified Complaint of Allied Maritime, Inc. ("Plaintiff"), alleges on information and belief as follows:

    1.    Defendant admits the allegations contained in paragraph 1 of the Verified Complaint.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Verified Complaint.

3. Defendant admits that it is a foreign corporation organized and existing under foreign law with an office and place of business in Korea, but denies the remainder of the allegations contained in paragraph 3 of the Verified Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Verified Complaint with the proviso that the intended cargo was bagged rice and/or other lawful merchandise.

5. Defendant admits the allegations contained in paragraph 5 of the Verified Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Verified Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Verified Complaint.

8. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Verified Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Verified Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Verified Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Verified Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Verified Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Verified Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Verified Complaint.

15. Defendant admits that Plaintiff has made demands. Otherwise it denies the allegations contained in paragraph 15 of the Verified Complaint.

16. Defendant admits that interest, costs and attorney's fees are awarded in London. Otherwise, it denies the allegations contained in paragraph 16 of the Verified Complaint.

**FURTHER ANSWERING THE COMPLAINT,
AND AS FOR SEPARATE, PARTIAL AND/OR
COMPLETE DEFENSES THERETO, DEFENDANT STATES:**

17. The Verified Complaint fails to state a cause of action upon which relief may be granted.

18. The claims herein are subject to arbitration in London pursuant to the terms of the charter party between Plaintiff and Defendant.

19. This Court lacks personal jurisdiction over Defendant.

20. This Court lacks *quasi in rem* jurisdiction over Defendant.

21. Plaintiff has improperly and/or insufficiently served process on Defendant.

22. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

23. Plaintiff's claims are barred or reduced by the doctrine of setoff.

24. Plaintiff is liable of culpable conduct in the events giving rise to the claims now asserted in the Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

25. Plaintiff's claims are overstated in the level of security sought from and provided by Defendant and should be reduced to a reasonable sum.

26. Plaintiff has failed to mitigate its damages.

27. This Verified Answer and Counterclaim is made without waiver of any of the jurisdictional defenses or rights to arbitrate that may exist between the parties.

## AS AND FOR DEFENDANT'S COUNTERCLAIM

28. Defendant's counterclaim arises under the charter party between it and Plaintiff which is the subject of the Complaint ("the Charter Party") and is an admiralty and maritime claim within this Court's admiralty and maritime jurisdiction and within Rule 9(h) of the Federal Rules of Civil Procedure.

29. Plaintiff is a corporation organized and existing under the laws of a foreign country with an office and place of business in Greece.

30. Defendant repeats and realleges paragraphs 1-16 above as if set forth herein at length.

31. Plaintiff, among other things, failed to give proper voyage instructions and has failed to pay hire due and owing under the Charter Party and as a result has breached the Charter Party.

32. By reason of Plaintiff's breach of the Charter Party by, among other things, its failure to give proper voyage instructions and its failure to pay hire, and after crediting Plaintiff with saved costs, Defendant has lost profits and is owed $332,100.00 plus additional losses of $0 by Plaintiff, no part of which has been paid although duly demanded.

33. Defendant's claim is subject to arbitration in London where legal and arbitration costs are routinely awarded. Defendant specifically reserves and preserves its right to London arbitration. Defendant reasonably estimates such costs will amount to $150,000.00 to defend Plaintiff's wrongful claims and to pursue recovery of Defendant's counterclaim.

34. Interest is also routinely awarded in arbitration in London and Defendant claims interest on its counterclaim at 6.5% per annum for three years, the same basis as claimed by Plaintiff in paragraph 16 of its Complaint, in the further amount of $64,750.00.

35. Defendant's property has been attached by Plaintiff in an amount of $880,182.43 in this case. On May 28 Plaintiff reduced its claim and attachment by $160,777.43 so that it now has attached $719,405.00 of Defendant's funds. Defendant's counterclaim arises out of the same transaction as Plaintiff's claim. Defendant is therefore entitled under Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to countersecurity for its counterclaim, including interest and costs, in the total amount of $546,850.00.

WHEREFORE, Defendant prays:

1. That Plaintiff's Verified Complaint be dismissed with costs and its attachment of Defendant's assets vacated;

2. That Defendant have countersecurity for its counterclaim in the amount of $546,850.00;

3. That Defendant have discovery with respect to the amounts attached by Plaintiff;

4. That when appropriate the matter be stayed pending arbitration; and

5. The Defendant has such other and further relief as may be just and equitable.

Dated: New York, New York
       May 29, 2008

                                            NOURSE & BOWLES, LLP
                                            Attorneys for Defendant
                                            SAMSUN LOGIX CORPORATION

                                            By: _____
                                              John P. Vayda (JV-0339)
                                              One Exchange Plaza
                                              At 55 Broadway
                                              New York, NY 10006-3030
                                              (212) 952-6200

TO:   Tisdale Law Offices, LLC
       Attorney for Plaintiff
       11 West 42nd Street, Suite 900
       New York, NY 10036
       (212) 354-0025

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

I, JOHN P. VAYDA, being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for Defendant herein and I have read the foregoing Verified Answer and Counterclaim and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the Defendant.

This verification is made by me because Defendant is a foreign corporation.

_____
JOHN P. VAYDA

Sworn to before me this
29th day of May, 2008

_____
Notary Public

Karlene S. Jackson, Notary Public
State of New York, #01JA5083169
Qual. In Queens Cty., New York City
Commission Expires November 17, 2009