NOURSE & BOWLES, LLP
Attorneys for Defendant
SAMSUN LOGIX CORPORATION
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

ALLIED MARITIME, INC.,                      :
                                            :
                        Plaintiff,          :
                                            :    08 CIV. 3656 (TPG)
                - against -                  :
                                            :
SAMSUN LOGIX CORPORATION,                    :
                                            :
                        Defendant.           :
--------------------------------------------------------X


MEMORANDUM IN SUPPORT OF
ORDER SEEKING COUNTERSECURITY
IN FAVOR OF SAMSUN LOGIX CORPORATION


John P. Vayda, Esq.
Nourse & Bowles, LLP
Attorneys for Defendant
One Exchange Plaza
New York, NY 10006
(212) 952-6200

NOURSE & BOWLES, LLP
Attorneys for Defendant
SAMSUN LOGIX CORPORATION
One Exchange Plaza
At 55 Broadway
New York, NY  10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ALLIED MARITIME, INC.,                                   :
                                                         :
                                 Plaintiff,              :
                                                         :          08 CIV. 3656 (TPG)
                          - against -                    :
                                                         :
SAMSUN LOGIX CORPORATION,                                :
                                                         :
                                 Defendant.              :
                                                         :
---------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF
## ORDER SEEKING COUNTERSECURITY
## IN FAVOR OF SAMSUN LOGIX CORPORATION

### Introductory Statement

Defendant, Samsun Logix Corporation ("Defendant") seeks (1) an order

pursuant to Supplemental Rule E (7) of the Federal Rules of Civil Procedure ("FRCP")

that Plaintiff, Allied Maritime Inc. ("Plaintiff"), forthwith post cash security of

$546,850.00 to secure Defendant's counterclaims in the amount of $546,850.00,

failing which Plaintiff's attachments against Defendant's property be vacated and its

suit dismissed and (2) any other and further relief which may be just and equitable.

## Summary Of Facts

The underlying claim in this matter arises under a Charter Party (the "Charter Party") dated August 4, 2007 for a period of 60/65 days between the Defendant, as Owner of the Vessel M/V J SAFE (the "Vessel") and Plaintiff, as Charterer.  The Charter Party required the Plaintiff, among other things, to pay the Defendant charter hire for use/charter of the Vessel at the rate of $22,000.00 per day.  The Charter Party is subject to arbitration in London and English law.

On or about August 8, 2007, Plaintiff provided Defendant with voyage instructions for the Vessel.  However, those voyage instructions were improper because they included instructions requiring the Vessel to discharge at geographic areas which were outside the trading zone permitted by the Charter Party.  In response, Defendant so advised the Plaintiff and asked the Plaintiff to submit valid and proper voyage instructions.  Plaintiff failed and refused to provide Defendant with proper voyage instructions.  Further, Plaintiff failed to pay charter hire when due under the Charter Party.  These actions of the Plaintiff constituted a breach of the Charter Party by Plaintiff.

As a result of the Plaintiff's breach of the Charter Party, Defendant has been forced to mitigate its losses and damages which it did by obtaining the best available substitute employment for the Vessel.  The best available substitute employment for the Vessel was at a rate of $16,000.00 U.S. Dollars per day.  As best as it can now be determined, the damages which Defendant has suffered by reason of Plaintiff's above

described breaches of the Charter Party are its lost anticipated profits from the Charter

Party which are quantified as follows:

| | | |
|---|---|---|
| Plaintiff's failure to pay hire | $22,000.00 per day – 5.75% commission equals $20,735.00 times 60 days = | $1,244,100.00 |
| Less mitigating hire | $16,000.00 less 5% commission equals $15,200.00 times 60 days = | ($ 912,000.00) |
| Plus additional losses | $0.00 = | $       0.00 |
| **Total Losses:** | | $ 332,100.00 |

Defendant seeks security for these losses. In addition, Defendant seeks security

for the attorneys' fees it will incur in prosecuting its claim in London arbitration. The

fees for an arbitration of this magnitude are normally about $150,000.00. Further,

Defendant seeks simple interest for 3 years at 6.5% or $64,750.00. The total claim for

which Defendant seeks countersecurity is $546,850.00.

No portion of the outstanding amount of hire has been paid although duly

demanded by Defendant. Plaintiff has refused Defendant's request that it voluntarily

post countersecurity of $546,850.00.

### POINT I

### PLAINTIFF SHOULD BE ORDERED TO
### POST COUNTERSECURITY FORTHWITH TO
### DEFENDANT ON ACCOUNT OF ITS COUNTERCLAIMS

As outlined above, Defendant has a counterclaim in the total amount of

$546,850.00. Further, Plaintiff has attached $880,182.43 of Defendant's property

3

which is the amount of its full claim.  On May 28 Plaintiff reduced its claim and

attachment by $160,777.43 so that it now has attached $719,405.00 of Defendant's

funds.  Defendant should therefore be entitled to an order for the prompt posting of

countersecurity.  Supplemental Rule E(7) provides:

> When a person who has given security for damages in the
> original action asserts a counterclaim that arises from the
> transaction or occurrence that is the subject of the original
> action, a plaintiff for whose benefit the security has been
> given *must* give security for damages demanded in the
> counterclaim unless the court for cause shown, directs
> otherwise.  Proceedings on the original claim must be
> stayed until this security is given unless the court directs
> otherwise.
>
> (emphasis added)

Defendant has given security, as outlined, and Defendant's counterclaim arises

out of the same transaction or occurrence that is the subject of Plaintiff's original

action.  In fact, the case law suggests Defendant should seek countersecurity under

Rule E(7) rather than filing a separate action and seeking to attach the property of

Plaintiff.  Chiquita Int'l Ltd. v. M.V. BOSSE, 2007 U.S. Dist. LEXIS 75726 (S.D.N.Y.

2007); Rapture Shipping Ltd. v. Allround Fuel Trading B.V. Chemoil, 2006 U.S. Dist.

LEXIS 60771, 2006 A.M.C. 2120 (S.D.N.Y. 2006).  Guided by these cases, Defendant

has not sought to commence a separate action and attachment but, instead, seeks

countersecurity for its counterclaims in this action.  Defendant therefore requests an

order for Plaintiff to promptly post cash countersecurity in an amount not less than

$546,850.00.  The "core purpose" of the countersecurity rule is to place the parties on

an even footing." Finecom Shipping Ltd. v. MultiTrade Enterprises AG, 2005 A.M.C. 2952 (S.D.N.Y. 2005). Additionally a court need not conduct an extensive merits analysis of a counterclaim but need only screen for "totally frivolous claims." Tang Kkeok HWA Rosemary v. Jaldhi Overseas Pte Ltd., 531 F. Supp. 2d 586 (S.D.N.Y. 2008), Finecom Shipping Ltd. v. Multi Trade Enterp. AG, No. 05 Civ. 6695(GEL), 2005 U.S. Dist. LEXIS 25761, 2005 WL 2838611, at *1 (S.D.N.Y. Oct. 25, 2005) (Lynch, J.); see Starboard Venture Shipping, Inc. v. Casinomar Transp., Inc., No. 93 Civ. 0644(SS), 1993 U.S. Dist. LEXIS 15891, 1993 WL 464686, at *6 (S.D.N.Y. Nov. 9, 1993) (Sotomayor, J.). When a plaintiff fails to provide countersecurity, dismissal of the complaint may be ordered. Yacht Basin, Inc. v. M/V GRAY MIST II, 1990 A.M.C. 2674 (S.D. Fla. 1989).

It is respectfully submitted that Plaintiff be ordered to immediately post cash security to Defendant in an amount of $546,850.00, and if Plaintiff fails to post said countersecurity within 7 days of any order, that Plaintiff's attachments against Defendant's property be vacated and its suit dismissed.

## Conclusion

Defendant respectfully prays, in the alternative, that:

1.     Plaintiff to be ordered to forthwith post cash security to Defendant on its counterclaims in an amount of no less than $546,850.00 and if Plaintiff fails to post said countersecurity within 7 days of any Order, that Plaintiff's attachments against Defendant be vacated and its suit dismissed;

2.      that Defendant be awarded any further and different relief as may be just

and equitable.

Dated:  New York, New York
        May 24, 2008

NOURSE & BOWLES, LLP
Attorneys for Defendant
Samsun Logix Corporation

By: _____
    John P. Vayda (JV 0339)
    One Exchange Plaza
    At 55 Broadway
    New York, NY  10006-3030
    (212) 952-6200